IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:14-cr-123 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DANTE KELEEK DARBY, | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **December 3, 2018**

Presently pending before the Court is Defendant Dante Keleek Darby's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 97). The Motion has been briefed, (Docs. 102, 103), and is ripe for our review. For the reasons that follow, we will deny the Motion.

## **I.  BACKGROUND**

On May 14, 2014, a four-count Indictment was filed charging Defendant with distribution of cocaine hydrochloride on September 5, 2012 (Count 1), March 7, 2013 (Count 2), August 16, 2013 (Count 3), and October 9, 2013 (Count 4), all in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On December 23, 2015, a one-count superseding information was filed charging Defendant with distribution and possession with intent to distribute cocaine hydrochloride on or about September 5,

1

2012, through August 9, 2013, also in violation of § 841(a)(1). (Doc. 64). Ultimately, Defendant entered a conditional plea of guilty to the superseding information on December 28, 2015. (Doc. 66). He was sentenced on June 13, 2016, to 120 months in prison. (Doc. 80).

On April 15, 2015, prior to the filing of the superseding information, Defendant filed a motion to suppress seeking to invalidate the arrest warrant obtained against him under *Franks v. Delaware*, 438 U.S. 154 (1978) because affidavits related to the September 5, 2012, March 7, 2013, and August 16, 2013, conduct purportedly contained material misrepresentations or false statements. The Court conducted a pre-*Franks* hearing on May 4, 2015, determined that a *Franks* hearing was warranted, and set a schedule for supplemental briefing. (Doc. 41). Following supplemental briefing, the Court denied the motion to suppress and further denied the request for a *Franks* hearing. (Doc. 53). With respect to the affidavit of probable cause for the March 7, 2013, conduct ("the March affidavit"), we found that Defendant failed to show by a preponderance of the evidence that the detective knowingly or with reckless disregard for the truth included false statements or made material omissions. Regarding the affidavits of probable cause for the September 5, 2012, and August 16, 2013, conduct (the "September and August affidavits"), we found that they were not presented to the magistrate judge prior to the judge finding probable cause to issue the arrest warrant and, thus, the

finding of probable cause was in no way based on the purportedly defective affidavits.

Defendant appealed our order denying the motion to suppress and request for a *Franks* hearing on June 27, 2016, and the Third Circuit affirmed our decision on March 30, 2017. Defendant now brings this § 2255 motion stating four grounds for relief. Defendant bases Grounds 1 and 3 on ineffective assistance of counsel. In Ground 2, Defendant claims that the Court failed to consider and discuss all arguments in his motion to suppress. Ground 4 is a request for reconsideration of his sentence.

## II. DISCUSSION

### A. Grounds 1 and 3 – Ineffective Assistance of Counsel

Ground 1 states that Defendant's counsel prior to his conviction, Assistant Federal Public Defender Tom Thornton ("Mr. Thornton"), was ineffective for failing to explain to the Court why the September and August affidavits being sworn after the arrest should not preclude a *Franks* hearing and, consequently, "closing the door" on arguing the many ways that Defendant believed all of the affidavits of probable cause – including the March affidavit – were invalid. In Ground 3, Defendant argues that his counsel on appeal, Assistant Federal Public Defender Frederick Ulrich ("Mr. Ulrich"), also was ineffective for not arguing the chronology defect with respect to the September and August affidavits.

3

The United States Supreme Court set forth a two-prong analysis for determining whether a defendant has received ineffective counsel. First, we determine whether counsel's performance "fell below an objective standard of reasonableness," then we consider whether "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because this matter is brought on a § 2255 motion, the burden remains on the defendant. *See United States v. Eakman*, 378 F.3d 294, 302 (3d Cir. 2004) ("[A]t the [§ 2255] hearing the prisoner retains the burden to demonstrate that he is entitled to relief."). We will begin with a discussion of whether the performance of Defendant's counsel, both Mr. Thornton and Mr. Ulrich, fell below the objective standard of reasonableness.

   1. **Reasonableness of Performance**

Defendant points to a footnote in our order denying the *Franks* hearing as evidence that Mr. Thornton was ineffective. Specifically, we noted that we had invited Defendant to explain why the September and August affidavits would warrant a *Franks* hearing, in light of the chronology issue, but did not receive a

4

satisfactory response. (Doc. 53, n. 9). Defendant seizes on our language and argues that Mr. Thornton was ineffective because he failed to provide us with the information we requested. While Defendant's argument, on the surface, may appear meritorious, it ignores the simple fact that the chronology problem was dispositive. We may have invited Mr. Thornton to present some argument to the contrary, but the absence of an adequate response merely underscores that no such argument could be made. Clearly, Defendant strongly pushed for a *Franks* hearing and believed the purported defects in the September and August affidavits were his saving grace. Mr. Thornton, in service to his client, zealously advocated for a *Franks* hearing that appeared to be doomed from the start, and made the best arguments that he candidly could under the circumstances. This strikes the Court as quite the opposite of ineffective counsel.

Similarly, Defendant argues that Mr. Ulrich failed to argue the chronology issue before the Third Circuit and instead argued the defects of the September and August affidavits. *United States v. Darby*, 684 F. App'x 219, 221 (3d Cir. 2017) ("Despite the District Court basing its decision on this chronology, Darby does not address that issue on appeal. Instead, Darby lists several alleged omissions that he claims undermine the affidavits' veracity. Because the defect in chronology is dispositive, we need not address those arguments."). The Third Circuit, however, clearly agreed that the chronology defect was dispositive. Mr. Ulrich made

satisfactory response. (Doc. 53, n. 9). Defendant seizes on our language and argues that Mr. Thornton was ineffective because he failed to provide us with the information we requested. While Defendant's argument, on the surface, may appear meritorious, it ignores the simple fact that the chronology problem was dispositive. We may have invited Mr. Thornton to present some argument to the contrary, but the absence of an adequate response merely underscores that no such argument could be made. Clearly, Defendant strongly pushed for a *Franks* hearing and believed the purported defects in the September and August affidavits were his saving grace. Mr. Thornton, in service to his client, zealously advocated for a *Franks* hearing that appeared to be doomed from the start, and made the best arguments that he candidly could under the circumstances. This strikes the Court as quite the opposite of ineffective counsel.

Similarly, Defendant argues that Mr. Ulrich failed to argue the chronology issue before the Third Circuit and instead argued the defects of the September and August affidavits. *United States v. Darby*, 684 F. App'x 219, 221 (3d Cir. 2017) ("Despite the District Court basing its decision on this chronology, Darby does not address that issue on appeal. Instead, Darby lists several alleged omissions that he claims undermine the affidavits' veracity. Because the defect in chronology is dispositive, we need not address those arguments."). The Third Circuit, however, clearly agreed that the chronology defect was dispositive. Mr. Ulrich made

satisfactory response. (Doc. 53, n. 9). Defendant seizes on our language and argues that Mr. Thornton was ineffective because he failed to provide us with the information we requested. While Defendant's argument, on the surface, may appear meritorious, it ignores the simple fact that the chronology problem was dispositive. We may have invited Mr. Thornton to present some argument to the contrary, but the absence of an adequate response merely underscores that no such argument could be made. Clearly, Defendant strongly pushed for a *Franks* hearing and believed the purported defects in the September and August affidavits were his saving grace. Mr. Thornton, in service to his client, zealously advocated for a *Franks* hearing that appeared to be doomed from the start, and made the best arguments that he candidly could under the circumstances. This strikes the Court as quite the opposite of ineffective counsel.

Similarly, Defendant argues that Mr. Ulrich failed to argue the chronology issue before the Third Circuit and instead argued the defects of the September and August affidavits. *United States v. Darby*, 684 F. App'x 219, 221 (3d Cir. 2017) ("Despite the District Court basing its decision on this chronology, Darby does not address that issue on appeal. Instead, Darby lists several alleged omissions that he claims undermine the affidavits' veracity. Because the defect in chronology is dispositive, we need not address those arguments."). The Third Circuit, however, clearly agreed that the chronology defect was dispositive. Mr. Ulrich made

whatever non-frivolous arguments he could under the circumstances. This was a failure of facts, not representation.

### 2. Prejudice to the Defense

Because the *facts* here precluded a *Franks* hearing, and no legitimate argument could be made otherwise, failing to make such a frivolous argument in no way prejudiced Defendant. If Mr. Thornton and Mr. Ulrich had made the argument Defendant wanted, we still would have denied the *Franks* hearing request, and the Third Circuit likely still would have affirmed. For these reasons, we will deny Defendant's Motion on Grounds 1 and 3.

### B. Ground 2 – Court's Consideration of Defendant's Arguments

Defendant bases Ground 2 on his perception that we failed to address arguments he made with respect to the March affidavit. He highlights various passages in the briefs to the motion to suppress in which he claims that the purported defects in the affidavit show purpose and intent to obstruct justice and tamper with a witness. Defendant, quite simply, is mistaken. The necessary thread of each argument Defendant believes we ignored is whether the detective made false statements in the affidavits. While we did not explicitly respond to each sentence of Defendant's briefs in bullet-point fashion, we discussed in some detail our finding that the detective did *not* make false statements in the affidavit, that the detective had no reason to doubt the information in the affidavit, and that

Defendant offered no evidence to rebut the detective's credible testimony. Thus, we addressed Defendant's arguments and see no basis on Ground 2 to grant Defendant's Motion.

**C.  Ground 4 – Request for Reconsideration of Sentence**

Finally, in Ground 4, Defendant requests reconsideration of his sentence. The authority of the Court to modify Defendant's sentence is available only in limited circumstances: "(1) when the Director of the Bureau of Prisons moves for a reduction in the term of imprisonment on the basis of what is sometimes called the 'compassionate relief' provisions; (2) when Federal Rule of Criminal Procedure 35 permits such modification; or (3) when the sentencing range under which a defendant was sentenced as subsequently been lowered by the Sentencing Commission." *In re Morris*, 345 F. App'x 796, 797-98 (3d Cir. 2009). There is no indication that either option 1 or 3 is applicable here. Furthermore, Rule 35 only permits the Court to correct "arithmetical, technical, or other clear error" within 14 days after sentencing, or to reduce a sentence on a motion by the Government for substantial assistance. FED. R. CRIM. P. 35. This option also does not apply. Defendant does not argue any error in his sentence, and the Government has not moved for a reduced sentence based on substantial assistance. Instead, Defendant argues for a departure under U.S.S.G. § 4A1.3(b)(1) based on his contention that he should not be classified as a career offender and should, therefore, be subject to

a guideline range of 24 to 30 months.[1]  We have no authority under Rule 35, however, to grant a departure pursuant to Section 4A1.3(b)(1).  Thus, the Court has no jurisdiction to reconsider Defendant's sentence and will deny Defendant's Motion on Ground 4.

**III.    CONCLUSION**

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 97) shall be denied.  An appropriate Order shall issue.

---

[1] Although we have no authority to consider Defendant's request, it bears noting that at sentencing Mr. Thornton requested the same result in the form of a variance that Defendant seeks now through a departure.  Having considered the circumstances, we disagreed that the career offender status should not apply, but agreed that a variance was appropriate and granted, to a degree, Defendant's request for a lower sentence.